UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 06-61908-CIV-MARTINEZ-BANDSTRA

ROY FINK and KENNETH CAPPY,

    Plaintiffs,

vs.

ACRA-LOCAL 725 PENSION PLAN et al.,

    Defendants.
_____/

### ORDER DENYING PETITION FOR EMERGENCY *EX PARTE* TEMPORARY RETRAINING ORDER

THIS CAUSE came before the Court upon Plaintiff's Petition for Emergency *Ex Parte* Temporary Restraining Order, filed on **December 21, 2006**. The Court has carefully considered the motion and Verified Complaint and Petition for Emergency Ex Parte Temporary Restraining Order, which was also filed on December 21, 2006. This lawsuit alleges that the trustees of a union pension plan violated the Employee Retirement Income Security Act, 29 U.SC. § 1054(g) ("ERISA") by amending the pension plan in a manner that unlawfully eliminates and/or reduces accrued early retirement benefits. In essence, Plaintiffs seek to prevent the trustees of a union pension plan from: 1) implementing a December 14, 2006 action that allegedly affects early retirement benefits and 2) requiring Plaintiffs to make an election between two allegedly undesirable options regarding their early retirement benefits.

However, Plaintiffs fail to demonstrate that "immediate and irreparable injury, loss, or damage will result," and therefore are not entitled to a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65. Perhaps most tellingly, Plaintiff's motion states that "[e]lection of either option will result in immediate and irreparable harm to both Plaintiffs in the

form of lost income." An injury is "irreparable" only if it cannot be undone through monetary remedies. *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983) (citing *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981); *Spiegel v. City of Houston*, 636 F.2d 997 (5th Cir. 1981). The Eleventh Circuit has further explained the concept of "irreparable injury" in the context of preliminary injunctions:

> A showing of irreparable injury is "'the sine qua non of injunctive relief.'" *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir.1990) (quoting *Frejlach v. Butler*, 573 F.2d 1026, 1027 (8th Cir.1978)); *see also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975) ("The traditional standard for granting a preliminary injunction requires the plaintiff to show that in the absence of its issuance he will suffer irreparable injury."); *Robertson*, 147 F.3d at 1306 (plaintiff must show "irreparable injury will be suffered"); *Harris Corp.*, 691 F.2d at 1356-57 (concluding that district court "did not abuse its discretion in finding a substantial likelihood of irreparable injury to [the plaintiff] absent an injunction"); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir.1981) (to be granted a preliminary injunction plaintiffs must show "a substantial likelihood that they would suffer irreparable injury").

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Without commenting on the merits of this action, this Court notes that if the Plaintiffs do in fact suffer injury, that injury could be redressed through monetary remedies. Accordingly, it is:

**ORDERED AND ADJUDGED**

1. Plaintiff's Petition for Emergency *Ex Parte* Temporary Restraining Order filed on December 21, 2006 is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of December, 2006.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record